UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES GOODING et al                                      CIVIL ACTION

VERSUS                                                   CASE NO. 20-1133

LIBERTY MUTUAL INSURANCE CO. et al                       SECTION: "G" (3)

## ORDER

This litigation arises from an alleged asbestos exposure that occurred while Decedent James Grant Gooding ("Mr. Gooding") was employed by the American Bureau of Shipping from 1970 through 1979.[1] Plaintiffs Martha Gooding, Helen Leupold, and Caroline Pendergast (collectively, "Plaintiffs") bring survival and wrongful death claims against numerous defendants, alleging that asbestos exposure caused Mr. Gooding to contract malignant pleural mesothelioma, which ultimately caused his death.[2] Pending before the Court is cross-claim Defendants Travelers Casualty and Surety Company and The Travelers Indemnity Company's (collectively, "Travelers") motion for summary judgment.[3] Pursuant to Federal Rule of Civil Procedure 56, Travelers seeks dismissal of Defendants and cross-claim Plaintiffs Huntington Ingalls, Inc., and Albert L. Bossier Jr.'s (collectively, the "Avondale Interests") cross-claims against Travelers as an alleged insurer of Gretna Machine & Iron Works ("Gretna Machine") and its alleged executive

---

[1] Rec. Doc. 1-1.

[2] Id.; Rec. Doc. 38.

[3] Rec. Doc. 210.

1

officers.[4] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

The instant motion was filed on October 6, 2020, and noticed for submission on October 21, 2020.[5] Pursuant to Eastern District of Louisiana Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. The Avondale Interests have filed no opposition to the motion, and therefore the motion is deemed to be unopposed. The Court has authority to grant a motion that is unopposed, although it is not required to do so.[6] District courts may grant an unopposed motion as long as the motion has merit.[7]

Although Plaintiffs initially named Travelers as defendants in the instant lawsuit as an insurance provider for Defendant Trinity Industries, Inc., individually and as a successor in interest to Gretna Machine and its alleged executive officers,[8] Plaintiffs subsequently voluntarily dismissed all claims against Travelers.[9] Accordingly, Travelers seeks summary judgment solely with respect to the cross claims asserted by the Avondale Interests.[10]

In the motion for summary judgment, Travelers asserts that upon being dismissed by Plaintiffs, Travelers presented the Avondale Interests with an affidavit "attesting to the fact that

---

[4] *Id.* at 1. The alleged executive officers are George Hebert, Charles Adams, Dooch Pitre, Robert Huff, Perry Poche, George Fagin, Herbert LeBlanc, Jean Richoux, and John Galliano. *Id.*

[5] *Id.*

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[7] See *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[8] Rec. Doc. 1-1 at 8.

[9] Rec. Doc. 146.

[10] Rec. Doc. 210-1 at 2.

Travelers searched its records and did not locate any policies of liability insurance issued to Gretna Machine during the alleged period of exposure."[11] In addition, Travelers asserts that it presented the Avondale Interests with this Court's Order dismissing claims brought by Plaintiffs against Travelers, and Travelers requested that the Avondale Interests dismiss the cross-claims asserted against Travelers.[12] Despite receiving this information, Travelers submits that the Avondale Interests did not voluntarily dismiss the cross-claim against Travelers.[13] In addition, Travelers states that the Avondale Interests asked Travelers' counsel whether Travelers issued any policies to Gretna Machine during Mr. Gooding's service in the U.S. Coast Guard from 1967 to 1970, since those years may be included in the Avondale Interests' cross claims.[14]

Travelers argues that "[t]he Avondale Interests have not produced any evidence that Travelers issued any policies of liability insurance to Gretna Machine during the time period of [Mr. Gooding's] alleged asbestos exposure at Gretna Machine, 1970-1979, or during the years of [Mr. Gooding's] service in the U.S. Coast Guard, 1967-1970."[15] Travelers further argues that the Avondale Interests cannot offer any evidence "to refute the [affidavits], which attest that Travelers did not locate any liability policies issued to Gretna Machine during the period from 1967-1979."[16] For these reasons, Travelers contends that the Avondale Interests cannot meet their burden of proof to defeat summary judgment by showing that Travelers insured Gretna Machine during the period

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3; *see also* Rec. Doc. 210-3.

[14] Rec. Doc. 210-1 at 2.

[15] *Id.* at 3.

[16] *Id.*

of alleged exposure.[17]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[19] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[20] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[21] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[22]

Here, Travelers has presented two affidavits attesting to the fact that Travelers searched its records and did not locate any policies of liability insurance issued to Gretna Machine during the years of Mr. Gooding's alleged asbestos exposure, 1970 to 1979,[23] or the years of Mr. Gooding's

---

[17] *Id.* at 8–9.

[18] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[19] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[20] *Celotex*, 477 U.S. at 323.

[21] *Id.* at 325.

[22] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[23] Rec. Doc. 210-2.

4

service in the U.S. Coast Guard, 1967 to 1970.[24] The Avondale Interests have not responded to the motion for summary judgment or presented any evidence to contradict Travelers' assertion that Travelers did not issue any liability policies to Gretna Machine at any time from 1967 through 1979. Thus, the undisputed evidence in the record establishes that Travelers did not issue any insurance liability policies to Gretna Machine during the period from 1967 through 1979. As a result, the Court finds that Travelers' unopposed motion for summary judgment has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Travelers Casualty and Surety Company and The Travelers Indemnity Company's motion for summary judgment[25] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this ____20th____ day of November, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[24] Rec. Doc. 210-4.

[25] Rec. Doc. 210.