## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES GOODING et al**                                      **CIVIL ACTION**

**VERSUS**                                                   **CASE NO. 20-1133**

**LIBERTY MUTUAL INSURANCE CO. et al**                       **SECTION: "G" (3)**

## ORDER AND REASONS

This litigation arises from an alleged asbestos exposure that occurred while Decedent James Grant Gooding ("Mr. Gooding") was employed at various shipyards, including Avondale Shipyard, between 1970 and 1979.[1] Plaintiffs Martha Gooding, Helen Leupold, and Caroline Pendergast (collectively, "Plaintiffs") bring survival and wrongful death claims against numerous defendants, alleging that asbestos exposure caused Mr. Gooding to contract malignant pleural mesothelioma ultimately resulting in his death.[2] Pending before the Court is the "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay" filed by Defendant Lamorak Insurance Company ("Lamorak").[3] Also pending before the Court is the related "Motion to Sever Claims against Lamorak Insurance Company" filed by Plaintiffs.[4] Considering the motions, the memoranda in support and opposition, the record, and the applicable law, the Court stays and administratively closes the instant action for a period of 6 months and denies Plaintiffs' motion to

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 210.

[3] Rec. Doc. 495.

[4] Rec. Doc. 449.

1

sever.

## I. Background

On March 4, 2020, Mr. Gooding filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[5]  In the Petition, Mr. Gooding alleged that he contracted mesothelioma from occupational exposure to asbestos while working for the American Bureau of Shipping on the premises of various shipyards, including Avondale Shipyard, from 1970 to 1979.[6] Mr. Gooding was diagnosed with mesothelioma in January 2020.[7]  Mr. Gooding passed away on March 22, 2020, after which Plaintiffs, Mr. Gooding's surviving heirs, were substituted as plaintiffs in the survival action and filed wrongful death claims.[8]

On April 7, 2020, the Avondale Interests and Defendant Lamorak Insurance Company removed the case to this Court pursuant to the federal officer removal statute 28 U.S.C. § 1442(a).[9] Plaintiffs filed a first supplemental and amending complaint on April 23, 2020, substituting Plaintiffs as parties-in-interest for Mr. Gooding, who passed away on March 22, 2020.[10]  Plaintiffs filed a second supplemental and amending complaint on June 29, 2020.[11]  Plaintiffs filed a third supplemental and amending complaint on January 7, 2021.[12]

---

[5] Rec. Doc. 1-1 at 1.

[6] *Id.* at 11.

[7] *Id.* at 10.

[8] Rec. Doc. 38.

[9] Rec. Doc. 1.

[10] Rec. Doc. 38.

[11] Rec. Doc. 145.

[12] Rec. Doc. 241.

On April 26, 2021, Plaintiffs filed the instant "Motion to Sever Claims Against Lamorak Insurance Company."[13] Lamorak opposes the motion.[14] Defendants Huntington Ingalls Incorporated and Albert L. Bossier, Jr. (collectively, the "Avondale Interests") also oppose the motion.[15] On May 4, 2021, Lamorak filed the instant "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay."[16] On May 11, 2021, Plaintiffs filed an "Opposition to Motion to Stay and Memo in Support of Motion to Sever."[17] On May 14, 2021, with leave of Court, the Avondale Interest filed a supplemental memorandum in opposition to Plaintiff's motion to sever.[18] Also on May 14, 2021, with leave of Court, Lamorak filed a reply memorandum in support of the motion to enforce stay.[19] Several other named defendants adopt the motion to stay and opposed Plaintiffs' motion to sever.[20]

## II. Parties' Arguments

### A.    *Lamorak's Motion to Stay*

In the instant motion to stay, Lamorak asserts that it has been declared insolvent and placed into liquidation.[21] Specifically, Lamorak avers that Bedivere Insurance Company ("Bedivere"), a

---

[13] Rec. Doc. 449.

[14] Rec. Doc. 548.

[15] Rec. Doc. 550.

[16] Rec. Doc. 495.

[17] Rec. Doc. 551.

[18] Rec. Doc. 571.

[19] Rec. Doc. 572.

[20] Rec. Docs. 552; 553; 564; 565; 557; 561; 568.

[21] Rec. Doc. 495-2 at 1.

foreign insurance company that includes by merger Lamorak, was declared insolvent and placed into liquidation on March 11, 2021 by Judge Brobson in the Commonwealth Court of Pennsylvania.[22] Lamorak points to the Liquidation Order issued by the Commonwealth Court of Pennsylvania, which states:

> All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Bedivere pursuant to Section 538 of Article V, 40 P.S. § 221.38.[23]

Lamorak urges the Court enforce the permanent stay of claims against Lamorak instituted by the Commonwealth Court of Pennsylvania.[24]

Lamorak also urges the Court to enforce the automatic statutory stay of claims against Lamorak and any party Lamorak is obligated to defend.[25] Lamorak points to Louisiana Revised Statute § 22:2068 ("La. R.S. 22:2068") to argue that a statutory six month stay of claims against Lamorak and any party it is obliged to defend is appropriate because Lamorak is an insolvent insurer.[26]

The Avondale Interests, Eagle Inc., the McCarty Corporation, and Main Ironworks adopted the arguments set forth in the motion to stay, asserting that they were all insured by Lamorak.[27]

---

[22] *Id.*

[23] Rec. Doc. 495-3 at 7.

[24] Rec. Doc. 495-2 at 2.

[25] *Id.*

[26] *Id.* at 2–7.

[27] Rec. Doc. 552; Rec. Doc. 553; Rec. Doc. 556-1; Rec. Doc. 557.

**B.**     ***Plaintiffs' Opposition to Lamorak's Motion to Stay and Plaintiffs' Arguments in Support of Severance***

In opposition to Lamorak's motion to stay, Plaintiffs do not set forth any arguments that the case should not be stayed. However, in Plaintiffs' separate motion to sever claims against Lamorak, Plaintiffs assert that La. R.S. 22:2068 "is procedural in nature and not binding on this federal court."[28]

In opposition to Lamorak's motion to stay, Plaintiffs instead request that the claims against Lamorak and its insureds (the Avondale Interests and Main Iron Works) be severed.[29] Plaintiffs first assert that "severing the claims against the Avondale interests will avoid confusion with the claims against the other shipyards."[30] Second, Plaintiffs contend that "[a]llowing the claims against the non-Avondale defendants to go forward will expedite the proceedings as the Avondale defendants cannot be part of a trial until at least September 2021."[31] Third, Plaintiffs argue that severing the claims does not prejudice any defendants because all defendants have had the opportunity to prepare their defenses and cross examine Plaintiffs' expert witnesses.[32] Finally, Plaintiffs assert that the witness testimony and documentary proof that will be required in the proposed severed cases will only be duplicative for the Plaintiffs.[33]

---

[28] Rec. Doc. 449-1 at 1.

[29] Rec. Doc. 551.

[30] *Id.* at 2.

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.*

5

*C.*     *The Avondale Interests' Arguments in Opposition to Severance*

In opposition to Plaintiff's motion to sever, the Avondale Interests contend that severance is inappropriate because Plaintiffs' claims against Lamorak and several other defendants, including the Avondale Interests, arise from the same transaction or occurrence and involve common questions of fact and law.[34] The Avondale Interests further contend that severing the claims against Lamorak will not promote settlement or judicial economy because the Court will be forced to conduct two jury trials possibly resulting in inconsistent jury verdicts.[35] The Avondale Interests also note that "Plaintiffs claims against [the Avondale Interests] are inextricably intertwined with the claims against Lamorak such that they cannot be settled separately."[36] In addition, the Avondale Interests aver that severing the claims against Lamorak will result in undue prejudice to the Avondale Interests and to Lamorak by hindering potential settlement negotiations and increasing litigation costs for the Avondale Interests.[37]

### III. Legal Standards

*A.*     *Legal Standard for a Motion to Stay*

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[38]

---

[34] Rec. Doc. 550 at 3–5.

[35] *Id.* at 5.

[36] *Id.*

[37] *Id.* at 6.

[38] 299 U.S. 248, 254 (1936).

The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[39] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[40] Furthermore, a district court may exercise this discretionary power *sua sponte*.[41]

**B.    *Legal Standard for a Motion to Sever***

### 1.    Legal Standard Under Rule 21

Motions to sever are generally governed by Federal Rule of Civil Procedure 21, which provides that "any claim against a party may be severed and proceeded with separately."[42]   This Court has "broad discretion to sever issues to be tried before it."[43]   Accordingly, a court's decision to sever a claim will be reviewed for abuse of discretion.[44] Although courts have looked to Rule 20 for guidance in the absence of any standards in Rule 21,[45] courts may sever claims even where the requirements of Rule 20(a) for permissive joinder have been satisfied.[46] To determine whether a claim should be severed, a court may consider the following factors: (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice

---

[39] *Id.* at 254–55.

[40] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[41] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir.1999) ("we have held that the district court may *sua sponte* stay a suit as a form of abstention.")

[42] Fed. R. Civ. P. 21.

[43] *Brunet*, 15 F.3d at 505.

[44] *Acevedo*, 600 F.3d at 520 (citing *Jolley v. Welch*, 904 F.2d 988, 994 (5th Cir. 1990)).

[45] *Id.* at 521.

[46] *O'Neil*, 709 F.2d 369.

would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims.[47] It is notable that the first two factors track the "two-prong test" created by Rule 20, which permits joinder of plaintiffs when "(1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims."[48] Therefore, application of these five factors accounts for whether joinder was appropriate, but it also allows for the exercise of judicial discretion in instances where joinder was permissible but severance is warranted.

### 2. Legal Standard Under Rule 42(b)

Federal Rule of Civil Procedure 42 gives a district court discretion, "[f]or convenience, to avoid prejudice, or to expedite and economize, ... [to] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[49] The Fifth Circuit has explained that:

> The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately, this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of separate trial and severance interchangeably.[50]

Some district courts in the Fifth Circuit apply the same considerations to Rule 21 requests

---

[47] *Vaz*, 2006 WL 2583733, at *1 (citing *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (S.D.N.Y. 1999)); *Corkern*, 2012 WL 2597561, at *2 (citing *Kreger*, 2011 WL 1594839, at *2).

[48] *Acevedo*, 600 F.3d at 521 (citations omitted). Even when the test for joinder is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay. *Id.* (citing *Applewhite v. Reichhold Chems, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)).

[49] Fed. R. Civ. P. 42(b).

[50] *McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 304 n. 19 (5th Cir.1993) (quoting 9 Wright & Miller, Federal Practice and Procedure: Civil § 2387 (1971)).

for severance and Rule 42(b) requests for separate trials.[51]  However, other district courts in the Fifth Circuit find that "[t]he standards for separate trials and severance differ, and although both consider prejudice to the parties to be a key factor . . . the application of Rule 42(b) involves primarily the consideration of convenience and fairness, [while] that of Rule 21 also presupposes basic conditions of separability in law and logic."[52]

## IV. Analysis

Lamorak moves the Court to stay the claims pending against Lamorak and its insureds.[53] The Avondale Interests, Main Iron Works, Eagle Inc., and the McCarty Corporation represent that they are insureds of Lamorak and therefore adopt the arguments set forth by Lamorak in the instant motion to stay.[54]  Several other defendants also adopt the arguments set forth by Lamorak in the motion to stay and in opposition to Plaintiffs' motion to sever.[55]

Lamorak asserts that it was declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[56]  Lamorak urges this Court to (1) enforce the permanent stay of claims against it initiated by the Commonwealth Court of Pennsylvania; and (2) enforce the automatic statutory six-month stay of claims against it and any

---

[51] *Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air Conditioning, Inc.*, No. CIV.A. 07-8446, 2009 WL 382713, at *5 (E.D. La. Feb. 11, 2009) (Barbier, J.); *see also Abrams v. Integrated Pro Servs., LLC*, No. CV 07-8426, 2015 WL 7458604, at *2 (E.D. La. Nov. 24, 2015) (Lemelle, J.) ("As the concepts of convenience and fairness fall under the prejudice umbrella and are not inapposite to the concept of separability, this Court finds no need to apply different standards.").

[52] *Id.* (quoting *David v. M & E Food Mart, Inc.,* 1995 WL 55306, *1 (E.D. Tex. Jan. 31, 1995)).

[53] Rec. Doc. 495-2 at 2.

[54] Rec. Docs. 547; 549; 556-1; 557.

[55] Rec. Docs. 552; 553; 564; 565; 557; 561; 568.

[56] *Id.* at 1.

party it is obligated to defend as set forth by La. R.S. 22:2068.[57]  La R.S 22:2068(A) provides:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

In opposition, Plaintiffs briefly note that La. R.S. 22:2068 is procedural rather than substantive and therefore not binding on this federal court proceeding.[58]

Plaintiffs devote the remainder of their briefing to urging the Court to sever the pending claims against Lamorak.[59]  Plaintiffs contend that severance is proper pursuant to Rule 42 "and any other Rule of Procedure that may be applicable."[60]  In opposition, the Avondale Interests argue that the Rule 21 factors weigh against severance in this case.[61]  In addition, Lamorak asserts that "a severance should be accompanied with an Order staying the claims against Lamorak."[62]

The Court first addresses Lamorak's request for a stay of proceedings and then turns to the issue of whether the claims against Lamorak and its insureds should be severed from the other claims pending against several defendants in this litigation.

**A.      *Lamorak's Motion to Stay***

Lamorak urges the Court to (1) enforce the permanent stay of claims against it initiated by the Commonwealth Court of Pennsylvania; and (2) enforce the automatic statutory six-month stay

---

[57] *Id.*

[58] Rec. Doc. 449-1 at 1.

[59] *Id.*; Rec. Doc. 551.

[60] Rec. Doc. 449-1 at 1.

[61] Rec. Doc. 550 at 3.

[62] Rec. Doc. 548 at 2.

of claims against it and any party it is obligated to defend as set forth by La. R.S. 22:2068.[63] La

R.S 22:2068(A) provides:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a
> party in any court in this state shall be stayed for six months and such additional
> time as may be determined by the court from the date the insolvency is determined
> to permit proper defense by the association of all pending causes of action.

In opposition, Plaintiffs briefly note that La. R.S. 22:2068 is procedural rather than substantive

and therefore not binding upon this Court sitting in diversity.[64]

Fifth Circuit precedent holds that "insolvent insurers are subject to the comprehensive

oversight of state administrative agencies and courts" and "[f]ederal law consigns to the states the

primary responsibility for regulating the insurance industry."[65] Accordingly, the Fifth Circuit in

*Clark v. Fitzgibbons* held that "allowing a creditor or claimant to proceed against an insolvent

insurer in federal court while a state insolvency proceeding is pending would usurp [the state's]

control over the liquidation proceeding by allowing [the claimant] to preempt others in the

distribution of [the insurance company's] assets."[66] The Fifth Circuit, relying on the full faith and

credit clause of the United States Constitution, explained that "a federal court judgment against

[an Arizona insolvent insurer] inevitably would destabilize Arizona's efforts to manage [the]

insolvency."[67]

Similarly, in *Anshutz v. J. Ray McDermott Co., Inc.*, an insurer was placed under a "Final

---

[63] Rec. Doc. 495-2 at 1.

[64] Rec. Doc. 449-1 at 1.

[65] *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

[66] *Id.* (internal citation and quotation omitted)

[67] *Id.* at 1053.

Order of Liquidation" by the Circuit Court of Cook County, Illinois while an appeal against it was pending.[68]  The Fifth Circuit held that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County," explaining that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with federal policy which directs that the control over the insurance business remain in the hands of the states."[69]

Additionally, in *State ex rel. Guste v. ALIC Corp*, the Second Circuit Court of Appeal of Louisiana explained:

> Louisiana's scheme for liquidating insolvent insurers is very similar to proceedings in bankruptcy. Unlike bankruptcy proceedings, however, wherein all proceedings involving the debtor are *automatically* stayed by operation of law, with certain enumerated exceptions, the state district court wherein the receivership proceedings are initiated has the authority to issue broad injunctions to insure that the integrity of the receivership proceeding is maintained.[70]

In light of Louisiana's comprehensive statutory scheme for regulating insolvent insurers and Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers, the Court exercises its discretion to stay the claims pending against Lamorak.[71]

**B.      *Plaintiffs' Motion to Sever Claims against Lamorak***

Plaintiffs contend that "if the Court is inclined to grant relief to Lamorak Insurance

---

[68] *Anshutz v. J. Ray McDermott Co.*, 642 F.2d 94, 95 (5th Cir. 1981).

[69] *Id.*

[70] 595 So. 2d 797, 799 (La. Ct. App. 1992) (internal citations omitted).

[71] *See also Olin Corp. v. Lamorak Ins. Co.*, No. 84-CV-1968 (JSR), 2021 WL 982426 (S.D.N.Y. Mar. 15, 2021) (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's Liquidation Order in part under the "principles of comity.").

Company, Plaintiffs request that the claims against Lamorak Insurance Company be severed" from the claims pending against the several other defendants in this litigation.[72] In support, Plaintiffs argue that severance is appropriate under Rule 42(b) because: (1) "severing the claims against the Avondale interests will avoid confusion with the claims against the other shipyards;" (2) "[a]llowing the claims against the non-Avondale defendants to go forward will expedite the proceedings as the Avondale defendants cannot be part of a trial until at least September 2021;" (3) severing the claims does not prejudice any defendants because all defendants have had the opportunity to prepare their defenses and cross examine Plaintiffs' expert witnesses; and (4) the witness testimony and documentary proof that will be required in the proposed severed cases will only be duplicative for the Plaintiffs.[73]

In opposition, the Avondale Interests contend that severance is inappropriate under Rule 21 because Plaintiffs' claims against Lamorak and several other defendants, including the Avondale Interests, arise from the same transaction or occurrence and involve common questions of fact and law.[74] The Avondale Interests further contend that severing the claims against Lamorak will not promote settlement or judicial economy because the Court will be forced to conduct two jury trials possibly resulting in inconsistent jury verdicts.[75] The Avondale Interests also note that "Plaintiffs claims against [the Avondale Interests] are inextricably intertwined with the claims

---

[72] Rec. Doc. 449-1 at 1.

[73] Rec. Doc. 551 at 2–3.

[74] Rec. Doc. 550 at 3–5.

[75] *Id.* at 5.

against Lamorak such that they cannot be settled separately."[76]  In addition, the Avondale Interests aver that severing the claims against Lamorak will result in undue prejudice to the Avondale Interests and to Lamorak by hindering potential settlement negotiations and increasing litigation costs for the Avondale Interests.[77]

Under the overlapping standards applicable to Rule 21 and Rule 42(b), the Court finds that severance is inappropriate in this case. First, severing the claims against only Lamorak without severing the claims against its insureds would be highly prejudicial to Lamorak's insureds who have tendered their defenses to Lamorak. Additionally, the Avondale Interests are Lamorak's insureds, and the Avondale Interests have raised several cross-claims and third-party claims in this litigation.

Second, severing the claims against Lamorak and its insureds while proceeding to trial against the remaining defendants in this action would result in the risk of inconsistent jury verdicts. Additionally, as noted by the Avondale Interests, Plaintiffs' claims in this action arise from the same transaction or occurrence, namely Mr. Gooding's alleged asbestos exposure while working for the American Bureau of Shipping in the 1970s. Consequently, all claims involve common questions of fact and law, meaning that separate trials would likely frustrate judicial economy. In addition, under the Louisiana law applicable to the survival claims raised in this case, damages are allocated amongst defendants according to virile share principles.[78] Severing claims against certain defendants would therefore frustrate the parties' ability to resolve this case as a whole and

---

[76] *Id.*

[77] *Id.* at 6.

[78] *See Cole v. Celotex Corp.*, 599 So. 2d 1058 (La. 1992).

may result in undue prejudice to both Plaintiffs and defendants, who would have to bear the increased costs of litigating this case twice. Accordingly, the Court declines to sever the claims against Lamorak from the claims against the remaining defendants in this litigation.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay"[79] filed by Defendant Lamorak Insurance Company is **GRANTED.**

**IT IS FURTHER ORDERED** that the "Motion to Sever Claims against Lamorak Insurance Company"[80] filed by Plaintiffs is **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

**IT IS FURTHER ORDERED** that a status conference is set for September 16, 2021 at 3:00 PM.

**NEW ORLEANS, LOUISIANA**, this _19th_ day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[79] Rec. Doc. 495.

[80] Rec. Doc. 449.