UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GOODING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20 -1133** |
| **LIBERTY MUTUAL INS. CO. ET AL** | **SECTION "L" (3)** |

## ORDER AND REASONS

Before the Court are multiple motions for summary judgment filed by Defendants and Cross-Defendants in this matter:

- Bayer CropScience at Rec. Doc. 635

- Swiftships, Inc. at Rec. Doc. 638

- Foster Wheeler, LLC at Rec. Doc. 639

- General Electric at Rec. Doc. 640

- ViacomCBS Inc. at Rec. Doc. 641

- Bollinger Shipyards Lockport, LLC at Rec. Doc. 643

- Boland Marine and Manufacturing Company, LLC at Rec. Doc. 646

Each of these motions is opposed by Plaintiffs Martha Gooding, Helen Leupold, and Caroline Pendergast and/or Cross Claimant Huntington Ingalls Incorporated ("Avondale"). Considering the parties' briefing, the record, and the applicable law, the Court now rules as follows.

### I. BACKGROUND

This litigation arises from alleged asbestos exposure sustained by Decedent James Grant Gooding ("Decedent") while he was employed at various shipyards between 1970 and 1979. R.

1

Doc. 580; R. Doc. 1-1. Decedent allegedly contracted malignant pleural mesothelioma and, ultimately, died as a result of his occupational exposure to asbestos.

Plaintiffs in this survival action are Decedent's surviving heirs, Martha Gooding, Helen Leupold, and Caroline Pendergast (collectively, "Plaintiffs"). They assert wrongful death claims against a number of defendants who allegedly are responsible for exposing Decedent to, or failing to protect Decedent from exposure to, asbestos, and therefore are liable for his contracting and dying of malignant pleural mesothelioma. R. Doc. 580.

From June 1967 until January 1970, Mr. Gooding served as an officer in the Coast Guard. R. Doc. Gooding Dep. at Vol. I, pp. 105-09. During his military service, Mr. Gooding worked as a Marine Inspector assisting with vessel construction, maintenance, and repairs. *Id.* In particular, Decedent inspected vessels' boilers. Gooding Depo. at Vol. III, p.17. Decedent primarily worked at Avondale Shipyards but also spent time at other shipyards in Southeast Louisiana. *Id.* at Vol. I, pp. 112-14.

Following his honorable discharge from the Coast Guard, Decedent worked from 1970 until his retirement in around 2005 as a field surveyor for American Bureau of Shipping ("ABS"). In this role, Decedent performed vessel inspections, checking ships' machinery, boilers, and piping systems in order to determine whether they met ABS classification requirements. Decedent was assigned to scores of shipyards while employed at ABS. R. Doc. 1-1 at 10-11.

In January 2020, Decedent was diagnosed with mesothelioma. R. Doc. 580 at 2. Later, he was deposed and testified that, while working for the Coast Guard and ABS, he was frequently exposed to asbestos, resulting in his mesothelioma. R. Doc. 1-2; R. Doc. 1-3; R. Doc. 1-4; R. Doc. 1-5.

Subsequently, on March 4, 2020, Decedent filed this matter in the Civil District Court for the Parish of Orleans, naming the following four broad categories of defendants: (1) Premises Defendants, which he alleged were strictly liable and/or negligent;[1] R. Doc. 1-1; 1-10; (2) "Asbestos Suppliers" and (3) "Asbestos Manufacturers," which both allegedly breached warranties and are therefore negligent and/or strictly liable; R. Doc. 1-10 at 11-14;[2] and (4) "Insurance Defendant[s]," who allegedly are liable under the Louisiana Direct Action Statute for their insureds' acts and omissions. *Id.* at 18.[3]

As relevant to the pending motion, Defendants Avondale and Albert L. Bossier, Jr., an alleged executive officer of Avondale, filed crossclaims against other parties, including Buck Kreihs. R. Doc. 3 (Avondale's crossclaims); R. Doc. 29-2 at 30-43 (Bossier, Jr.'s crossclaims). Avondale and Bossier, Jr. reallege Plaintiffs' allegations against Buck Kreihs and argue that, if they are found liable, then they are each entitled to a virile share contribution from Buck Kreihs. *Id.* at 17-18.

---

[1] Namely: (1) Boland Marine & Industrial, LLC; (2) Marine and Manufacturing Company, LLC; (3) Defendant-Cross Defendant Sank Inc.; (4) Bollinger Shipyards Lockport, LLC; (5) Main Iron Works, LLC; (6) Swiftships Inc., to which Teledyne Inc. and Cross Defendant UNC Capital Corporation are predecessors in interests; (6) Delta Machine & Ironworks LLC; (7) Defendant-Cross Defendant American Marine Corporation; (8) Huntington Ingalls Incorporated, and its former executive officer, Albert Bossier; (9) Tidewater Inc.; (10) Trinity Industries Inc.; and (11) American Marine Corporation; (12) International Paper Company).

[2] Namely: (1) Hopeman Brothers Inc.; (2) Eagle Inc.; (3) McCarty Corporation; (4) General Electric Company; (5) Foster Wheeler LLC; (6) Viacom CBS Inc.; (7) Bayer CropScience; and (8) Taylor-Seidenbach, Inc.; (8) General Electric Company; (9) Foster Wheeler LLC; and (10) Bayer CropScience.

[3] Namely: (1) Liberty Mutual Insurance Company, as the alleged insurer of Hopeman Brothers Inc.; (2) Zurich American Insurance Company, as the alleged insurer of Terminated-Defendant Marquette Insulations, Inc.; (3) Travelers Indemnity Company, as the alleged insurer of Swiftships, Inc.; (4) Certain Underwriters at Lloyds, London; (5) Berkshire Hathaway Specialty Insurance Company, as an alleged insurer of Eagle, Inc.; (6) United States Fidelity and Guaranty Company, as another alleged insurer of Eagle, Inc.; (7) Maryland Casualty & Surety Company, as the alleged insurer of Marquette Insulations, Inc.; (8) Aetna Casualty & Surety Company, as an alleged insurer of Trinity Industries, Inc.; (9) Employers Insurance Company of Wausau, as another alleged insurer of Trinity Industries, Inc.; (10) Fidelity and Casualty Insurance Company of New York, as another alleged insurer of Trinity Industries, Inc; and (11) Hartford Accident and Indemnity Company, as another alleged insurer of Trinity Industries, Inc.

On March 22, 2020, Decedent passed away. Plaintiffs, as Decedent's successors, were substituted in his place. They filed this survival action and asserted wrongful death claims. R. Doc. 580 at 2. Certain Defendants removed the matter to this Court on April 7, 2020 pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4]

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th

---

[4] The matter was originally allotted to Chief Judge Brown, who later recused herself on February 15, 2022. R. Doc. 611.

Cir. 1994); *Anderson*, 477 U.S. at 249–50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

**B. Analysis**

Under Louisiana law, a plaintiff in an asbestos case "must prove . . . that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma." *Romano v. Metro Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So. 3d 176, 182; *accord Abadie v. Metro. Life Ins. Co.*, 00-344 (La. App. 5 Cir. 3/28/01), 784 So. 2d 46, 89–90. In asbestos cases, "'exposure' refers to 'inhalation of asbestos fibers into the lungs.'" *Laurent v. New Orleans City*, No. CIV.A. 14-2022, 2015 WL 5254723, at *2 (E.D. La. Sept. 9, 2015) (quoting *Abadie,* 784 So.2d at 93). Plaintiffs can demonstrate Decedent's "significant" exposure by showing that he actively worked with asbestos-containing materials. *Id.* To survive summary judgment, "the plaintiff must submit specific evidence showing potential exposure to the defendant's asbestos-containing products." *Id.* (citing *Thibodeaux v. Asbestos Corp., Ltd.,* 20071445, p. 14 (La. App. 4 Cir. 2/20/2008); 976 So.2d 859, 867). Turning to the latter prong of the pertinent test, "[w]hether the defendant's conduct was a substantial factor is a question for the jury, unless the court determines that reasonable men could not differ." *Borel v. Fibreboard Paper Prod. Corp.*, 493 F.2d 1076, 1094 (5th Cir. 1973).

In the above-referenced motions, the movants have failed to show that there is "no genuine issue as to any material fact," *Celotex* 477 U.S. at 322, regarding their liability for Grant's occupational exposure to asbestos. In each instance, factual issues abound, and it is appropriate for a jury to determine "[w]hether the defendant's conduct was a substantial factor" in bringing about the Plaintiff's mesothelioma.

### III. CONCLUSION

For these reasons,

**IT IS ORDERED** that the following motions for summary judgment are denied:

- Rec. Doc. 635
- Rec. Doc. 638
- Rec. Doc. 639
- Rec. Doc. 640
- Rec. Doc. 641
- Rec. Doc. 643
- Rec. Doc. 646

New Orleans, Louisiana, this 28th day of August, 2022.

**UNTIED STATES DISTRICT JUDGE**