UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GOODING** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-1133** |
| | * | |
| **LIBERTY MUTUAL INSURANCE COMPANY** | * | **SECTION: "L" (1)** |
| | * | |
| | * | |

**ORDER AND REASONS**

Before the Court is a Motion for Reconsideration by Defendant Swiftships, Inc., R. Doc. 761, of the Court's Order and Reasons denying its Motion for Summary Judgment, R. Doc. 638. Plaintiffs oppose Defendant's motion. R. Doc. 772. Having considered the briefing and relevant law, the Court rules as follows.

**I.     BACKGROUND**

This litigation arises from alleged asbestos exposure that occurred while Decedent James Grant Gooding ("Decedent") was employed at various shipyards in Louisiana between 1970 and 1979. R. Doc. 580; R. Doc. 1-1. Decedent allegedly contracted malignant pleural mesothelioma and, ultimately, died due to his occupational exposure to asbestos.

Plaintiffs in this survival action are Decedent's surviving heirs, Martha Gooding, Helen Leupold, and Caroline Pendergast (collectively, "Plaintiffs"). They assert wrongful death claims against a number of defendants whom they allege are responsible for exposing Decedent to, or failing to protect Decedent from exposure to, asbestos, and therefore are liable for his contracting and dying of malignant pleural mesothelioma. R. Doc. 580.

From 1970 to 1979, Decedent worked as an engineer for the American Bureau of Shipping, performing inspections related to classification requirements in numerous shipyards and on numerous vessels. R. Doc. 1-1 at 10-11. In January 2020, Decedent was diagnosed with

1

mesothelioma. R. Doc. 580 at 2. Following his diagnosis but prior to filing this suit, Decedent was deposed and testified that he was frequently exposed to asbestos while working for the American Bureau of Shipping. R. Doc. 1-2; R. Doc. 1-3; R. Doc. 1-4; R. Doc. 1-5.

On March 4, 2020, Decedent filed this matter in the Civil District Court for the Parish of Orleans, naming the following four broad categories of defendants: (1) Premises Defendants, which he alleged were strictly liable and/or negligent;[1] R. Doc. 1-1; 1-10; (2) "Asbestos Suppliers" and (3) "Asbestos Manufacturers," which both allegedly breached warranties and are therefore negligent and/or strictly liable; R. Doc. 1-10 at 11-14;[2] and (4) "Insurance Defendant[s]," who allegedly are liable under the Louisiana Direct Action Statute for their insureds' acts and omissions. *Id.* at 18.[3]

On March 22, 2020, Decedent passed away. Plaintiffs, as Decedent's successors, were substituted in his place. They filed this survival action and asserted wrongful death claims. R. Doc. 580 at 2. Certain Defendants removed the matter to this Court on April 7, 2020 pursuant to

---

[1] Namely: (1) Boland Marine & Industrial, LLC; (2) Marine and Manufacturing Company, LLC; (3) Defendant-Cross Defendant Sank Inc.; (4) Bollinger Shipyards Lockport, LLC; (5) Main Iron Works, LLC; (6) Swiftships Inc., to which Teledyne Inc. and Cross Defendant UNC Capital Corporation are predecessors in interests; (6) Delta Machine & Ironworks LLC; (7) Defendant-Cross Defendant American Marine Corporation; (8) Huntington Ingalls Incorporated, and its former executive officer, Albert Bossier; (9) Tidewater Inc.; (10) Trinity Industries Inc.; and (11) American Marine Corporation; (12) International Paper Company).

[2] Namely: (1) Hopeman Brothers Inc.; (2) Eagle Inc.; (3) McCarty Corporation; (4) General Electric Company; (5) Foster Wheeler LLC; (6) Viacom CBS Inc.; (7) Bayer CropScience; and (8) Taylor-Seidenbach, Inc.; (8) General Electric Company; (9) Foster Wheeler LLC; and (10) Bayer CropScience.

[3] Namely: (1) Liberty Mutual Insurance Company, as the alleged insurer of Hopeman Brothers Inc.; (2) Zurich American Insurance Company, as the alleged insurer of Terminated-Defendant Marquette Insulations, Inc.; (3) Travelers Indemnity Company, as the alleged insurer of Swiftships, Inc.; (4) Certain Underwriters at Lloyds, London; (5) Berkshire Hathaway Specialty Insurance Company, as an alleged insurer of Eagle, Inc.; (6) United States Fidelity and Guaranty Company, as another alleged insurer of Eagle, Inc.; (7) Maryland Casualty & Surety Company, as the alleged insurer of Marquette Insulations, Inc., a terminated defendant; (8) Aetna Casualty & Surety Company, as an alleged insurer of Trinity Industries, Inc.; (9) Employers Insurance Company of Wausau, as another alleged insurer of Trinity Industries, Inc.; (10) Fidelity and Casualty Insurance Company of New York, as another alleged insurer of Trinity Industries, Inc; and (11) Hartford Accident and Indemnity Company, as another alleged insurer of Trinity Industries, Inc.

the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4]

This case was reassigned to this Section of the Court on February 15, 2022. R. Doc. 611.

## II.   PRESENT MOTION

In its Motion to Reconsider, Swiftships asks this Court to reconsider its ruling on Swiftships' previous motion for summary judgment, at R. Doc. 638. In the present motion, Swiftships argues that the Court "departed from controlling legal authority" in denying its motion for summary judgment because "there is zero cognizable evidence in the record" that Mr. Gooding was exposed to asbestos at Swiftships' shipyard. R. Doc. 761-1 at 1. Swiftships argues that, because it did not receive notice of Mr. Gooding's deposition and was not present when the deposition was taken, Fed. R. Civ Pro 32(a)(1)(A) prevents the use of this deposition against Swiftships at trial. R. Doc. 3. Swiftships then argues that, because Mr. Gooding's testimony is not admissible, the expert opinion provided by Dr. Victor Roggli, M.D. ("Dr. Roggli") that is based on that testimony cannot be admitted. *Id.* at 4. Because there is "no actual underlying testimony" to establish Mr. Gooding's presence at Swiftships, considering this testimony is "manifest error" and the Court should reverse its prior ruling. *Id.*

In response, Plaintiffs argue that the opinions of Dr. Roggli and of other experts, Dr. Brent Staggs and Mr. Ken Garza—all of which are based on Mr. Gooding's testimony—are admissible under Fed. R. Evid. 703 because that rule clearly states that experts may rely on inadmissible evidence if that evidence is "of a type reasonably relied upon by experts in the field." R. Doc. 772 at 2 (quoting Fed. R. Evid. 703). Because these expert opinions are admissible, Plaintiffs contend, the Court's previous ruling on the motion for summary judgment "should not be disturbed." *Id.*

---

[4] The matter was originally allotted to Chief Judge Brown, who recused herself on February 15, 2022, R. Doc. 611.

3

### III. APPLICABLE LAW

Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Generally, a motion to alter or amend a judgment filed under Rule 59(e) may be granted: "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522 (E.D. La. Oct. 6, 2010).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine dispute as to any material fact. *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 50 (1986)). A dispute about a material fact is " genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the nonmoving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially

shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine dispute for trial. *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

## IV. DISCUSSION

At the summary judgment stage, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Pro. 56(c)(2). But even accepting Defendant's argument that the deposition of Mr. Gooding is inadmissible against Swiftships under Fed. R. Civ Pro. 32, this Court is also presented with multiple expert opinions that create a factual dispute as to whether Mr. Gooding's work at Swiftships caused his to develop mesothelioma. As Plaintiffs point out, Fed. R. Evid. 703 is clear on the ability of experts to rely on inadmissible evidence in creating their opinions: "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. In this case the Court has before it expert opinions that Mr. Gooding's exposure at Swiftships was sufficient to cause his illness and death. At this phase of the litigation, it is not appropriate for a court to evaluate the validity of an expert opinion or the assumption on which that opinion is based. This creates a fact question, which necessitates a denial of summary judgment.

Nevertheless, it is Plaintiffs' burden to prove at trial that Mr. Gooding was exposed to asbestos at Swiftships' shipyard and that this exposure was a "substantial factor" in causing Mr.

5

Gooding's asbestos-related injury. *Lucas v. Hopeman Bros., Inc.*, 60 So. 3d 690, 700 (La. Ct. App. 2011). If the Plaintiffs are unable to show by a preponderance of the evidence that Mr. Gooding was present at the Swiftships shipyard and that his exposure there caused his injury, then Swiftships may move for a Rule 50 judgment at trial, after the Plaintiffs have rested. However, given the existence of a factual dispute at this stage, the Court finds that it did not err in rejecting Swiftships' motion for summary judgment.

V.   CONCLUSION

For the foregoing reasons, Defendant Swiftships, Inc.'s Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2023.

_____
**UNITED STATES DISTRICT JUDGE**